UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

DEBORAH LAUFER,
    Plaintiff,

v.                                      Case No: 5:20-cv-273

SNY HOSPITALITY, LLC,
    Defendant.

**STATEMENT MADE PURSUANT TO 28 U.S.C. SECTION 1746**

1.    My name is Deborah Laufer. I am currently a resident of Pasco County, Florida. I am unable to engage in the major life activity of walking more than a few steps without assistive devices. Instead, I am bound to ambulate in a wheelchair or with a cane or other support and have limited use of my hands. I am unable to tightly grasp, pinch and twist of the wrist to operate. I am also vision impaired. When ambulating beyond the comfort of my own home, I must primarily rely on a wheelchair. I require accessible handicap parking spaces located closet to the entrances of a facility. The handicap and access aisles must be of sufficient width so that I can embark and disembark into a vehicle. Routes connecting the handicap spaces and all features, goods and services of a facility must be level, properly sloped, sufficiently wide and without cracks, holes or other hazards that can pose a danger of tipping, catching wheels or falling. These areas must be free of obstructions or unsecured carpeting that make passage either more difficult or impossible. Amenities must be sufficiently lowered so that I can reach them. I

have difficulty operating door knobs, sink faucets, or other operating mechanisms that tight grasping, twisting of the wrist or pinching. I am hesitant to use sinks that have unwrapped pipes, as such pose a danger of scraping or burning my legs. Sinks must be at the proper height so that I can put my legs underneath to wash my hands. I require grab bars both behind and beside a commode so that I can safely transfer and I have difficulty reaching the flush control if it is on the wrong side. I have difficulty getting through doorways if they lack the proper clearance. To use a pool, I require a lift or other accessible means. When sleeping in a guest room, I need a compliant tub or shower with required grab bars and a shower chair.

2. When looking at a hotel online reservation service, I need information so that I can ascertain whether or not the hotel and its guest rooms are accessible to me. This includes information whether the conditions referenced above are compliant.

3. In the past, I have observed that the vast majority of hotel online reservations services do not allow for booking of accessible rooms or provide the information I need to make an informed choice. I have also booked a room at hotels whose websites claim they are "accessible", only to find that this claim is untrue. Therefore, I cannot make plans to travel if I intend to stay in an accessible room at an accessible hotel. The failure of so many hotels to comply with the law in this regard deter me from making travel plans. Therefore, I am an advocate on behalf of both myself and other similarly situated disabled persons and consider myself a tester.  As a tester, I visit hotel online reservations services to ascertain whether

they are in compliance with the Americans With Disabilities Act. In the event that they are not, I request that a law suit be filed to bring the website into compliance with the ADA so that I and other disabled persons can use it.

5. I used to live in New York, have family there, and return constantly. I frequently stay in a hotel when I go up. I have also traveled throughout the state. I plan to return to New York, travel around the entire state, and stay in hotels as soon as the Covid crisis is over. When I can return, I need to review the online reservations services of New York hotels so that I can make meaningful choices and plan my trip. This means that I must be able to review all hotel online reservations systems for every given area in which I intend to stay so that I have the information I need to select the right hotel in which to stay.

6. Rooms for Comfort Inn & Suites, 6701 Buckey Rd., Syracuse, NY, can be booked through an online reservations service. Prior to filing this civil action, I visited this online reservations service on November 26, 28, 29, 30, and December 6, 2019. I visited the online reservation service for the Defendant's hotel for the purpose of reviewing and assessing the accessible features at the hotel and ascertain whether the websites contain the information required by 28 C.F.R. Section 36.302(e) and adequately informs me as to whether the hotel meets my accessibility needs. I was in my own home in Pasco County when I visited these websites. However, I was unable to do so because Defendant failed to comply with the requirements set forth in 28 C.F.R. Section 36.302(e). As a result, I was deprived the same services available to the general public. The websites do not

identify any accessible rooms, provide for booking of accessible rooms or contain any information as to whether any rooms or features at the hotel are accessible. Subsequent to filing this action, I revisited the hotel's online reservations service on April 10 and May 15, 2020.

7. When I encountered the above conditions, I suffered humiliation and frustration at being treated like a second class citizen, being denied equal access and benefits to the goods, facilities, accommodations and services. I am deterred from returning to the websites because I understand that it would be a futile gesture to do so unless I am willing to suffer further discrimination. I am aware that defendant segregates against me and other disabled persons by offering them one service: me a lesser service.. I am aware that I am being deprived the equality of opportunity afforded to non-disabled persons to utilize the online reservation service free of discrimination. I am also aware that my ability to travel free of discrimination and with equal access to information offered to the general public is diminished.

8. I have a system to ensure that I revisit the online reservations services for every hotel I sue. In this regard, I maintain a list of each hotel I have sued. I constantly go through this list and add to it. With respect to each hotel I sue, shortly after the complaint is filed, I revisit the hotel's online reservations service. I also periodically go down my entire list of hotels and revisit the online reservations services for all such hotels. My latest such revisit occurred in May of this year. Once a case is settled, I mark the date on my list when the defendant has agreed to fix its websites or when it is otherwise required to become compliant. When that

        date arrives, I revisit it again and record my visits. Thus, I revisit each hotel's online reservations service multiple times after a lawsuit is filed. In this case and pursuant to my system, I visited the hotel's online reservations service five times before the case was filed ( November 26, 28, 29, 30, and December 6, 2019),   and again on April 10 and May 15, 2020, when I revisited the online services for all hotels on my entire list. I plan to again revisit the hotel's online reservations service as soon as it is required to become compliant, either by Court order or by settlement agreement.

9.     Specifically, the hotel's online reservations system operated through booking.com, hotels.com, expedia, priceline, orbitz and agoda  did not have any option to book an accessible room and provided insufficient information about whether or not the various features at the hotel are accessible. Screenshots depicting these conditions are attached hereto as Composite Exhibit A-1.

Pursuant to 28 U.S.C. Section 1746, I declare, certify, verify, and state, under penalty of perjury that the foregoing is true and correct.

Date: __7.20.20__                                     _____
                                                                       DEBORAH LAUFER